IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| **BRADLEY C. WATSON** | : | |
| Plaintiff, | : | Case No. 2:05-cv-00018 |
| v. | : | **JUDGE ALGENON L. MARBLEY** |
| **ONLINE COMPUTER LIBRARY CENTER, INC.**, *et al.*, | : | **Magistrate Judge Kemp** |
| Defendants. | : | |

## OPINION AND ORDER

### I. INTRODUCTION

This matter comes before the Court on Defendants' Motion to Dismiss Plaintiff Bradley Watson's Complaint, pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. On March 3, 2005, Defendants, Online Computer Library Center, Inc. ("OCLC"), James Clover, and Rebecca Babyak, filed this motion, which argues that this Court lacks subject matter jurisdiction over Plaintiff's Complaint because Plaintiff does not have standing to assert his claims. For the reasons stated herein, Defendants' Motion to Dismiss is **GRANTED**.

### II. FACTS

Defendant OCLC formerly employed Plaintiff in various capacities for 17 years. On the date of his discharge, March 8, 2004, Plaintiff worked for Defendant OCLC as a Consultant Software Engineer.

On May 26, 2004, Plaintiff filed a Chapter 7 bankruptcy petition in the United States

Bankruptcy Court for the Southern District of Ohio.[1]  In Plaintiff's bankruptcy petition schedules, he never listed as assets any legal claims against Defendants.  On September 14, 2004, the Bankruptcy Court issued an order discharging Plaintiff from the bankruptcy proceeding and releasing him from all dischargeable debts.  Subsequently, on December 10, 2004, the Bankruptcy Court closed the case.

On January 10, 2005, Plaintiff filed a Complaint (the "Complaint") against OCLC and two of his former supervisors, James Clover and Rebecca Babyak, alleging that: (1) Defendants had violated the Family and Medical Leave Act ("FMLA") when they terminated Plaintiff for exercising his leave rights; (2) Defendants discriminated against Plaintiff and violated the Employee Retirement Income Security Act ("ERISA") when they terminated him for using benefits under a covered employee medical benefits plan; and (3) Defendants violated Ohio law and public policy when they terminated him because of his association with a disabled person.

On March 3, 2005, Defendants filed a motion to dismiss the Complaint, arguing that Plaintiff does not have standing to bring this lawsuit because he failed to identify the causes of action in his bankruptcy petition schedules.  Plaintiff filed an opposing memorandum to Defendants' motion,[2] and Defendants filed a reply memorandum.  Accordingly, this matter is

---

[1] Plaintiff's bankruptcy case was styled, *In Re Bradley Clark Watson*, Case No. 2:04-bk-58253.

[2] Notably, Plaintiff did not timely file its opposing memorandum.  Under Local Rule 7.2(a)(2), "[a]ny memorandum in opposition shall be served and filed within twenty-one (21) days from the date of service set forth in the certificate of service attached to the Motion."  S.D. OHIO R. 7.2(a)(2).  Here, Defendants filed their motion to dismiss on March 3, 2005, and Plaintiff's response was due on March 24, 2005.  Plaintiff did not file his memorandum in opposition, however, until June 8, 2005, more than two months past the deadline.  Nevertheless, in the interest of judicial economy, the Court will consider Plaintiff's untimely response when it decides Defendants' Motion to Dismiss the Complaint.

ripe for decision.

### III. STANDARD OF REVIEW

Rule 12(b)(1) provides that a defendant may file a motion to dismiss based on a court's "lack of jurisdiction over the subject matter." FED. R. CIV. P. 12(b)(1). The plaintiff has the burden of proving jurisdiction when the defendant challenges subject matter jurisdiction under Rule 12(b)(1). *Rogers v. Stratton Indus.*, 798 F.2d 913, 915 (6th Cir. 1986). Rule 12(b)(1) motions to dismiss attacking subject matter jurisdiction generally come in two varieties: facial attacks and factual attacks. *Ohio Nat'l Life Ins. Co. v. United States*, 922 F.2d 320, 325 (6th Cir. 1990).

A facial attack on the subject matter jurisdiction alleged by a complaint merely questions the sufficiency of the pleading. *Id*. When a trial court reviews such an attack, it takes the allegations in the complaint as true, which is a similar safeguard employed under Rule 12(b)(6) motions to dismiss. *Id*.

Alternatively, when a court reviews a complaint under a factual attack, "no presumptive truthfulness applies to the factual allegations." *Id*. In deciding a motion to dismiss based upon a factual attack, the district court must "weigh the conflicting evidence to arrive at the factual predicate that subject matter jurisdiction exists or does not exist." *Id*.; *see also Golden v. Gorno Bros., Inc.*, 410 F.3d 879, 881 (6th Cir. 2005); *Madison Hughes v. Shalala*, 80 F.3d 1121, 1130 (6th Cir. 1996). While weighing this conflicting evidence, a trial court has wide discretion to consider affidavits and other documents to resolve disputed jurisdictional facts. *Ohio Nat'l Life Ins. Co.*, 922 F.2d at 325; *see also Leffew v. Kugler*, 220 B.R. 598, 600–01 (E.D. Tenn. 1998) (finding that, if a defendant's motion to dismiss under Rule 12(b)(1) raises new, additional

factual allegations concerning the plaintiff's standing as a result of Chapter 7 bankruptcy proceedings not mentioned in the plaintiff's complaint, then that constitutes a factual attack on the plaintiff's complaint). Here, the Court analyzes Defendants' Rule 12(b)(1) motion to dismiss as a factual attack because the motion challenges Plaintiff's standing based upon his recent Chapter 7 bankruptcy proceeding, which Plaintiff does not reference in the Complaint.

## IV. ANALYSIS

The doctrine of standing, which determines whether a federal court has the power to adjudicate a suit, is well-settled within the Sixth Circuit. *See, e.g., Pestrak v. Ohio Elections Commission*, 926 F.2d 573, 576–77 (6th Cir. 1991); *Planned Parenthood Ass'n of Cincinnati, Inc. v. City of Cincinnati*, 822 F.2d 1390, 1394 (6th Cir. 1987). "[R]egardless of the validity of a claim, there can be no cause of action absent standing to assert that claim." *Jaimes v. Toledo Metro. Hous. Auth.*, 758 F.2d 1086, 1095 (6th Cir. 1985). A court's examination of standing involves, *inter alia*, whether, as a prudential matter, a plaintiff is the proper proponent of the rights on which the action is based. *Planned Parenthood Ass'n of Cincinnati*, 822 F.2d at 1394 (citing *Singleton v. Wulff*, 428 U.S. 106, 112 (1976)).

In this case, Defendants argue that Plaintiff does not have standing to assert the claims in the Complaint because Plaintiff's bankruptcy trustee has the exclusive right to assert such claims. Pursuant to 11 U.S.C. § 541(a)(1), a Chapter 7 debtor's bankruptcy estate is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the [bankruptcy] case." The Sixth Circuit has consistently held that "'the interests of the debtor in property' include causes of action." *Honigman v. Comerica Bank*, 128 F.3d 945, 947 (6th Cir. 1997) (citing *Bauer v. Commerce Union Bank*, 859 F.2d 438, 441 (6th Cir. 1988)). Therefore,

once an individual files a Chapter 7 bankruptcy petition, all causes of action belonging to him become vested solely in a bankruptcy trustee for the benefit of the bankruptcy estate. *See Honigman*, 128 F.3d at 947; *Leffew*, 220 B.R. at 602 (citations omitted); *Folz v. BancOhio Nat. Bank*, 88 B.R. 149, 150 (S.D. Ohio 1987).

The district court's analysis in *Leffew v. Kugler* is instructive in this case. 220 B.R. 598. In *Leffew*, the plaintiff filed a lawsuit against multiple defendants, alleging violations of various federal and state laws. *Id*. at 601–02. Prior to filing that suit, however, the plaintiff filed a Chapter 13 petition for bankruptcy, which the bankruptcy court subsequently converted to a Chapter 7 bankruptcy petition. *Id*. at 602. The records from the plaintiff's bankruptcy proceeding showed that the plaintiff had never listed the federal and state claims on any of his bankruptcy schedules, and furthermore, that the plaintiff did not seek to have those claims abandoned by his bankruptcy trustee pursuant to 11 U.S.C. § 554. *Id*. The plaintiff was discharged in bankruptcy approximately eight months before he filed his complaint against the defendants in federal district court. *Id*. In granting the defendants' motion to dismiss plaintiff's claims under Rule 12(b)(1) for lack of standing, the district court explained the law in the following manner:

> The bankruptcy trustee acts as the representative of the bankruptcy estate. It is the trustee who has the capacity to sue and be sued pursuant to 11 U.S.C. § 323(b). Therefore, the bankruptcy debtor, Leffew, has no standing to pursue his claims against defendants Larry Kugler, Kugler, LLC, and First Southern Cash Advance. A cause of action is a property right which automatically passes to the trustee in bankruptcy, even if such cause of action is not included in the debtor's schedules of property filed with the bankruptcy court. Only if the bankruptcy trustee formally abandons a claim pursuant to 11 U.S.C. § 554 does that claim revest in the debtor thereby enabling the debtor to bring suit in his own name.

*Id*. at 602–03 (internal citations omitted); *see also Monroe v. Cuna Mut. Ins. Soc'y*, 1999 WL 1078702, at *6 (W.D. Tenn. Oct. 6, 1999) (same).

In this case, Plaintiff has not submitted any proof that his Chapter 7 bankruptcy trustee ever formally abandoned Plaintiff's legal claims against Defendants.[3] Much like the plaintiff in *Leffew*, Plaintiff never brought his legal claims to the attention of the bankruptcy court during his previous Chapter 7 bankruptcy proceedings. *See* 220 B.R. at 603. Because there is no abandonment by the Plaintiff's bankruptcy trustee, Plaintiff lacks standing and cannot now, after having been discharged in bankruptcy, assert these causes of action against Defendants. *See id.*; *see also Stein v. United Artists Corp.*, 691 F.2d 885, 891 (9th Cir. 1982) ("When the bankrupt fails to list an asset, he cannot claim abandonment because the trustee had no opportunity to pursue the claim.").

---

[3] Attached to Plaintiff's memorandum opposing Defendants' Motion to Dismiss is an affidavit from Larry McClatchey, Plaintiff's Chapter 7 bankruptcy trustee, which states, *inter alia*, that "[h]e was aware as Trustee that among the assets of the estate was a possible FMLA claim by the debtor, Bradley Watson," that "[h]e was also aware that the Debtor's non filing wife had a [sic] ADA claim as a result of an amendment filed by the Debtor," and that "he determined that said assets were abandoned and of no consequence to the estate." These declarations, however, are insufficient to constitute abandonment as a matter of law because Plaintiff never scheduled his legal claims against Defendants as assets. *See Bovee v. Coopers & Lybrand*, 216 F.R.D. 596, 612 (S.D. Ohio 2003) ("an unscheduled asset [in a bankruptcy proceeding] cannot be abandoned") (citing In re Cundiff, 227 B.R. 476, 478–79 (6th BAP 1998)). Furthermore, Mr. McClatchey's affidavit does not address Plaintiff's allegations under ERISA or Ohio law. Therefore, this Court finds that Plaintiff has not shown sufficiently a formal abandonment of the causes of action he asserts in this case.

## V.  CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss the Complaint pursuant to Rule 12(b)(1) is **GRANTED**.

**IT IS SO ORDERED.**

>                             /s/ Algenon L. Marbley
>                             **ALGENON L. MARBLEY**
>                             **UNITED STATES DISTRICT JUDGE**

**DATED: May 9, 2006**